UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GREGORY PICINICH,

                Plaintiff,

  -against-

NEW YORK DEPARTMENT OF EDUCATION;
GABRIELLA ANTIOCHO, ESQ., OFFICE OF
LEGAL SERVICES/GENERAL COUNSEL, in
her official and individual capacity; PRINCIPAL
MICHAEL ATHY, in his official and individual
capacity; ASSISTANT PRINCIPAL ELIZABETH
M. GUGLIELMO, in her official and individual
capacity,
                Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
16-CV-844 (CBA) (LB)

**AMON, United States District Judge:**

Before the Court is defendant's motion to dismiss pro se plaintiff Gregory Picinich's September 23, 2015 complaint, which Picinich brought pursuant to 42 U.S.C. § 1983. In his complaint, Picinich alleges that defendants violated his First, Fourth, and Fourteenth Amendment rights as well as various New York State and New York City laws, when they brought disciplinary charges against him and ultimately succeeded in removing him from his tenured teaching position. (D.E. # 1.) After the case was transferred to this Court, (D.E. # 13), defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and because Picinich is collaterally estopped from relitigating those claims already determined in the administrative hearing and State court, (D.E. # 26). The Court referred the motion to the Honorable Lois Bloom, United States Magistrate Judge, for Report and Recommendation. (D.E. dated June 13, 2016.)

1

## DISCUSSION

The Court has now received Magistrate Judge Bloom's recommendation that defendants' motion to dismiss Picinich's federal claims be granted and that those claims be dismissed with prejudice, save for his equal protection selective enforcement claim, which Picinich should be afforded thirty days to replead. (D.E. # 32 ("R&R") at 17.) Magistrate Judge Bloom further recommended—assuming this Court dismisses Picinich's federal claims—that this Court decline to exercise supplemental jurisdiction over his state and city law claims. (Id.) Picinich filed a letter that the Court deems timely, reiterating that he "continue[s] to object to the motion to dismiss my case for the reasons stated in my previous papers," and asking that the Court allow him to replead his equal protection claim and that it maintain jurisdiction over his state law claims. (D.E. # 35.) Defendants neither objected to the R&R nor responded to Picinich's letter.

When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). If a party "makes only conclusory or general objections, or simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." Barrat v. Joie, No. 96-CV-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002); see also Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in

an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citations and internal quotation marks omitted). Even where the litigant is pro se, an "objection to a report and recommendation in its entirety does not constitute a specific written objection within the meaning of Rule 72(b)." Snyder v. Perry, No. 14-CV-2090 (CBA) (RER), 2015 WL 1262591, at *2 (E.D.N.Y. Mar. 18, 2015) (quoting Williams v. Woodhull Med. & Mental Health Ctr., 891 F. Supp. 2d 301, 310 (E.D.N.Y. 2012)). Where parties file general objections, the Court need only determine whether the R&R's analysis is clearly erroneous. DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009).

Here, to the extent that his letter was intended as an objection to the R&R, Picinich makes only general objections to the entire R&R, in which he expressly seeks to relitigate the very issues he raised in his underlying papers. Accordingly, the Court has reviewed the thorough R&R for clear error and, finding none, adopts Magistrate Judge Bloom's recommendations. Prior to filing his complaint in federal court, Picinich had challenged his dismissal over the course of a fourteen-day administrative hearing and, when the Hearing Officer determined that Picinich's termination was proper, sought Article 75 review from the New York State Supreme Court. (See R&R at 3–4.) The State court dismissed the petition, finding that the underlying disciplinary hearing "was rationally based and was not made arbitrarily and capriciously[.]" (Id. at 4.) Therefore, Picinich's due process claims were addressed by the State court and he is collaterally estopped from raising them again here. (Id. at 9–10.) His First Amendment claim is meritless because his complaints, which focused on issues related to his teaching position, do not constitute protected speech under the First Amendment, (id. at 12–13). See Garcetti v. Ceballos, 547 U.S. 410, 418 (2006). Nor has Picinich articulated any viable Fourth Amendment claim. (R&R at 14.) As for his Fourteenth Amendment equal protection claim, Picinich has not sufficiently alleged that

a newly hired female Latin teacher is an appropriate comparator who was similarly situated to him, or that his termination was motivated by an impermissible consideration, (id. at 15–16). See, e.g., Harlen Assocs. v. Inc. Vill. of Mineola, 273 F.3d 494, 499 (2d Cir. 2001).

Accordingly, defendants' motion to dismiss in granted. Picinich's federal claims are dismissed with prejudice, save for his equal protection claim premised on a selective enforcement theory, which Picinich may replead within thirty days of this Order. Having dismissed all of the federal claims over which this Court has original jurisdiction and there being no basis for jurisdiction pursuant to 28 U.S.C. § 1332, the Court declines to exercise supplemental jurisdiction over Picinich's additional state and city law claims, which are dismissed without prejudice. See 28 U.S.C. § 1367(c)(3); see also Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 250 (2d Cir. 2008) ("We have already found that the district court lacks subject matter jurisdiction over appellants' federal claims. It would thus be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction.").

The Clerk of Court is directed to enter judgment accordingly. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 368 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: March 24, 2017
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge